[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-11502

_____

D.C. Docket No. 2:18-cv-01679-RDP

D. BLAINE LEEDS,
SMILEDIRECTCLUB, LLC,

Plaintiffs - Appellees,

versus

BOARD OF DENTAL EXAMINERS OF ALABAMA,
ADOLPHUS M. JACKSON DMD,
T. GERALD WALKER DMD,
DOUGLAS BECKHAM DMD,
STEPHEN R. STRICKLIN DMD,
MARK R. MCILWAIN DMD MD,
KEVIN M. SIMS DMD MS,
SHERRY S. CAMPBELL RDH CDHC,
individually and in their official capacities as
Members of the Board of Dental Examiners of Alabama,

Defendants - Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(July 29, 2021)

Before WILSON and JILL PRYOR Circuit Judges, and CORRIGAN,[*] District Judge

PER CURIAM:

Bound by a recent en banc case, we dismiss this interlocutory appeal for lack of appellate jurisdiction. *See SmileDirectClub, LLC v. Battle*, No. 19-12227, ___F. 4th ___2021 WL 3045358 (11th Cir. July 20, 2021) (en banc).

I.

SmileDirectClub, LLC is an orthodontics provider that seeks to reduce treatment costs by using technology to obviate the need for customers to meet in person with dentists and orthodontists. *See SmileDirectClub, LLC v. Battle*, 969 F.3d 1134, 1136 (11th Cir. 2020) (describing SmileDirect's business model). Alabama's Board of Dental Examiners (the "Board"), a creation of Alabama's legislature, sent SmileDirect a cease-and-desist letter asserting that SmileDirect was engaged in the unlawful practice of dentistry under Alabama law. In response, SmileDirect filed this lawsuit against the Board and its seven members, alleging violations of the Sherman Act, 15 U.S.C. § 1, against the Board members and violations of the United States Constitution and Alabama's state constitution against the Board.[1] For the Sherman Act claims, SmileDirect alleged that the

---

[*] Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

[1] Although Dr. Leeds, a SmileDirect-affiliated dentist, is also a plaintiff, we refer to the

Board members' attempt to regulate SmileDirect was a contract, combination, or conspiracy in restraint of trade that lacked procompetitive justifications and had the purpose and effect of unreasonably restraining trade in Alabama's dental services market.

The Board members moved to dismiss the complaint. As relevant here, they argued that the *Parker* doctrine shields them from Sherman Act liability. *See Parker v. Brown*, 317 U.S. 341, 350–52 (1943) (holding that the Sherman Act does not reach state action); *see also FTC v. Ticor Title Ins. Co.*, 504 U.S. 621, 633 (1992) (explaining that *Parker* protection has been extended to private persons who are sufficiently cloaked in the state's authority).

The district court disagreed, concluding that the Board members had not shown that the *Parker* doctrine required dismissal of the Sherman Act claim because they had failed to establish that the Board "received active state supervision" when it exerted regulatory authority over SmileDirect. Doc. 57 at 34–35; *see also N.C. State Bd. of Dental Exam'rs v. FTC*, 574 U.S. 494, 503–04 (2015) (explaining that the dentistry board enjoyed *Parker* protection only if the challenged conduct was "actively supervised by the state" (internal quotation marks omitted)).[2]

---

plaintiff as SmileDirect for simplicity.

[2] "Doc." numbers refer to the district court's docket entries.

The Board members filed a notice of appeal and moved the district court to stay the proceedings pending appeal.  In its motion, the Board members argued that the district court's rejection of the *Parker* defense was immediately appealable under this Court's precedent and that a stay was warranted to prevent the case from moving forward while the Board members sought review of the district court's ruling.  The district court granted the motion, staying the proceedings pending resolution of this appeal.

SmileDirect filed a motion in this Court to dismiss the appeal.  It argued that we lack appellate jurisdiction because the case was neither final nor a member of the small class of decisions entitled to interlocutory review under the collateral order doctrine.  *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69 (1978) (explaining that the collateral order doctrine applies only where the order "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment").  Specifically, it argued that because the district court did not conclusively determine the *Parker* question, the district court's ruling was not appealable under the collateral order doctrine.

In response, the Board members argued that the district court's ruling was immediately appealable based on our caselaw holding that a *Parker* denial at any stage of the litigation is immediately appealable.  *See Commuter Transp. Sys., Inc.*

*v Hillsborough Cnty. Aviation Auth.*, 801 F.2d 1286, 1289–90 (11th Cir. 1986) (holding that denial of *Parker* protection at summary judgment was entitled to interlocutory appeal); *Danner Constr. Co. v. Hillsborough Cnty.*, 608 F.3d 809, 812 n.1 (11th Cir. 2010) (exercising appellate jurisdiction to review denial of *Parker* protection at the motion to dismiss stage). We reserved judgment on SmileDirect's motion until after oral argument on the appeal.

II.

We lack appellate jurisdiction over, and therefore grant SmileDirect's motion to dismiss, this interlocutory appeal. Ordinarily, a litigant has a right to appeal only the "final decisions of the district courts." 28 U.S.C. § 1291. This statutory limit on our appellate jurisdiction has been construed to permit appeals as of right when nonfinal orders fall within the collateral order doctrine. *See Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994).

Responding to SmileDirect's motion to dismiss this appeal, the Board members argued that we have appellate jurisdiction because the district court's order denying *Parker* protection was an appealable collateral order. This argument is foreclosed by binding precedent. After the Board members filed their response to SmileDirect's motion, this Court, sitting en banc, overruled the cases the Board members had relied upon, squarely holding that district court orders denying *Parker* protection are not immediately appealable collateral orders.

5

*SmileDirectClub*, 2021 WL 3045358, at *3–7 (holding that because *Parker* creates a defense to liability rather than an immunity from suit, a district court order denying *Parker* protection falls outside the collateral order doctrine).  The Board members failed to argue in response to the motion to dismiss that there is any basis for appellate jurisdiction other than the collateral order doctrine, so SmileDirect's motion to dismiss this appeal for lack of appellate jurisdiction is GRANTED.

**APPEAL DISMISSED.**